# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOYCE R. LAMBERSON, | ) | |
|         Plaintiff, | ) | |
| | ) | |
|         v. | ) | CAUSE NO.: 4:11-CV-28-PRC |
| | ) | |
| DR. SARAH SUTTON, | ) | |
|         Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Dr. Sarah Sutton's Motion for Summary Judgment [DE 23]. Dr. Sutton seeks summary judgment in her favor on all claims in Plaintiff Joyce R. Lamberson's Pro Se Complaint. For the reasons set forth below, the Court grants Dr. Sutton's Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

On May 18, 2011, Ms. Lamberson filed a Pro Se Complaint against Dr. Sutton alleging that Dr. Sutton violated her civil rights, under 42 U.S.C. § 1983. Specifically, Ms. Lamberson appears to allege that, in contravention of her civil rights, she was refused pain medication on two separate emergency room visits because Dr. Sutton noted in her medical file that she has a history of drug abuse and Dr. Sutton asked Ms. Lamberson to sign Controlled Substance Agreements. Dr. Sutton filed an answer to Ms. Lamberson's Pro Se Complaint on August 16, 2011.

On November 21, 2011, Dr. Sutton filed the instant Motion for Summary Judgment. Ms. Lamberson filed a response on May 31, 2012, and Dr. Sutton filed a reply on June 14, 2012.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254,

1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not

to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

From September 1994 through February 2010, Dr. Sutton was employed by Riggs Community Health Center, Inc. ("Riggs"), as part of its adult medical staff. Riggs is an independent, private, non-profit organization that provides primary health care services to medically underserved populations, and is partially funded by government funds.[1] *See* Aff. of Veronique LeBlanc, ¶¶ 5 & 6, Ex. A1 (testifying to Riggs' status as a domestic non-profit corporation, which is registered with the Indiana Secretary of State's Office).

During her employment at Riggs, Dr. Sutton provided care to Ms. Lamberson for a number of medical conditions, including severe degenerative arthritis and chronic pancreatitis. As a result of these conditions, Ms. Lamberson often suffered from acute or severe pain. Dr. Sutton's treatment plan included prescribing narcotic medications to control Ms. Lamberson's pain, but Ms. Lamberson did not want to be treated with narcotic pain medication because she had served time in prison for distribution of controlled substances. But Dr. Sutton believed that narcotic medications were appropriate for Ms. Lamberson's pain management because Ms. Lamberson had not had any substance abuse issues during the years she treated her. Because Ms. Lamberson declined the narcotic medications, Dr. Sutton prescribed non-steroidal anti-inflammatory medications, which caused Ms. Lamberson to have upper gastrointestinal bleeding with severe anemia.

---

[1] Riggs is a Federally Qualified Health Center ("FQHC") as defined under Section 330 of the Public Health Service Act. As a FQHC, Riggs is partially funded by federal funds and is reimbursed for the health care services it provides to medically underserved populations as provided by the Health Care Consolidation Act.

While it is not clear from the record, at some point apparently in 2005, Ms. Lamberson agreed to Dr. Sutton's treatment plan and began taking narcotic medication to control her pain. Because she agreed to take these controlled substances, Dr. Sutton asked Ms. Lamberson to sign a Controlled Substance Agreement. Ms. Lamberson ultimately signed three such agreements at different times during her treatment with Dr. Sutton. These agreements, which are identical, provided that Ms. Lamberson would not seek treatment from another medical provider for chronic pain management and, in the event, she needed to seek treatment, particularly from an emergency medical provider, she would let that provider know what narcotic medications she was taking. The agreements also required Ms. Lamberson to inform Dr. Sutton about any treatment she received from other medical providers.

In her Pro Se Complaint, Ms. Lamberson appears to claim that, sometime in 2006, she was refused pain medication during two visits to emergency rooms because she had signed Controlled Substance Agreements and Dr. Sutton placed comments in her medical file, indicating that she has a history of drug abuse. After she was denied pain medication, Ms. Lamberson telephoned Dr. Sutton to express her anger with the situation and contends that, as a result of this phone conversation, Dr. Sutton sent email to other physicians alerting them to Ms. Lamberson's interaction with her. Dr. Sutton declined Ms. Lamberson's request to remove her comments about her drug abuse history from her medical file and requested that Ms. Lamberson find a new primary care physician at Riggs because the physician–patient relationship had broken down.

## ANALYSIS

Dr. Sutton seeks summary judgment on Ms. Lamberson's claims, which are brought pursuant to 42 U.S.C. § 1983. Section 1983 provides "a method for vindicating federal rights elsewhere

conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del. Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 749 n. 9 (1999). A cause of action may be brought under § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show (1) that she was deprived of a right secured by the Constitution or federal law, (2) by a person acting under color of law. *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

With respect to the first element of the two-step test, Ms. Lamberson appears to allege that she was denied pain medication on two separate occasions while being treated in the emergency room because she signed Controlled Substance Agreements and Dr. Sutton included notes in her medical file stating that she has a history of drug abuse. It appears that Ms. Lamberson is claiming that she has a right secured by the Constitution or federal law to receive certain types of pain medications. But neither this alleged right nor any right that this Court can reasonably infer from the allegations contained in Ms. Lamberson's Pro Se Complaint are secured by either the Constitution or federal law. Furthermore, in Ms. Lamberson's response to Dr. Sutton's motion for summary judgment, which consists of a statement that she "must succeed because she can meet the two elements," she references the Twelfth Amendment to the U.S. Constitution, federal or state pre-trial conference and scheduling rules, a Report of Parties' Planning Meeting, various medical records, and a number of other miscellaneous documents, but she fails to allege any cognizable Constitutional or federal law of which she has been deprived. Accordingly, Ms. Lamberson has

6

failed to establish the first element of the two-step test requiring her to show that Dr. Sutton deprived her of a right secured by the Constitutional or federal law.

Even assuming that Ms. Lamberson could show that Dr. Sutton deprived her of a right secured by the Constitution or federal law, Ms. Lamberson has failed to demonstrate that Dr. Sutton was acting under color of law. Generally speaking, the state action doctrine requires that a court find such a "close nexus between the State and the challenged action" such that the challenged action "may be fairly treated as that of the State itself, " *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974), or may be "fairly attributable to the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982) (citation omitted)); *see also Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 823 (7th Cir. 2009) (same). Thus, in other words, for a private party to be liable under Section 1983, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (citation omitted). In her Pro Se Complaint or response, Ms. Lamberson has failed to plead any facts that indicate Dr. Sutton acted under color of state law in allegedly depriving her of a right secured by the Constitution or federal law. This Court's independent review of the record establishes that there is no evidence to suggest that Dr. Sutton's allegedly unconstitutional action of depriving Ms. Lamberson of her alleged right to pain medication was done in concert with State actors and is thus attributable to the State.

Furthermore, Ms. Lamberson cannot claim that Riggs is liable for any alleged misconduct on the part of Dr. Sutton because it has long been established that there is no respondeat superior liability under § 1983. *Rodriguez*, 577 F.3d at 822. Although this principle typically applies in the context of municipal corporations, courts have applied the same principle to situations where the employer is a private corporation. *Id.*; *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir.

7

1982) (a "private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). But like a municipality, "a private corporation can be liable if the injury alleged is the result of a policy or practice, or liability can be demonstrated indirectly by showing a series of bad acts and inviting the court to infer from them that the policy-making level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned . . . the misconduct of subordinate officers.'" *Rodriguez*, 577 F.3d at 822 (internal quotation marks omitted). Accordingly, because Ms. Lamberson does not allege any wrongdoing on the part of Riggs and does not allege that a Riggs policy is the basis for the alleged violation of her civil rights, Riggs cannot be liable under § 1983 for the actions of Dr. Sutton.[2]

In sum, when viewing the evidence in the light most favorable to Ms. Lamberson, she has failed to raise a genuine issue of material fact with respect to her § 1983 claim. Therefore, the Court grants summary judgment in favor of Dr. Sutton as to Ms. Lamberson's 42 U.S.C. § 1983 claim.[3]

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment [DE 23]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Dr. Sarah Sutton and against Plaintiff Joyce R. Lamberson as to all claims in Plaintiff's Pro Se Complaint.

---

[2] The Court does not need to reach the issue of whether Riggs qualifies as a state actor because, even assuming that it could qualify as a state actor, Ms. Lamberson has not alleged any improper conduct on the part of Riggs and she has not sued Riggs in this lawsuit.

[3] On August 15, 2012, Ms. Lamberson filed a handwritten letter with this Court [DE 39]. The Court's review of Ms. Lamberson's letter indicates that she has not produced any new evidence or argument that could conceivably be viewed as supporting her claims herein. Furthermore, to the extent Ms. Lamberson may be requesting that the Court appoint her counsel that request is denied.

The Final Pre-Trial Conference and trial settings are vacated in this case.

SO ORDERED this 17th day of August, 2012.

s/ Paul R. Cherry<br>MAGISTRATE JUDGE PAUL R. CHERRY<br>UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *Pro Se*